UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| TYRICE HILL, | : Case No. 2:22-cv-3742 |
| Plaintiff, | : |
| vs. | : Judge James L. Graham |
| | : Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, *et al.* | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION and ORDER

In this *pro se* civil rights action, Plaintiff alleges he has been denied access to the courts as a result of unconstitutional prison policies. This matter is before the Court for the required initial screening of the Second Amended Complaint (ECF No. 7). 28 U.S.C. § 1915A.

At this early stage of the litigation, without the benefit of briefing, the undersigned **ORDERS** that Plaintiff may **PROCEED** on his access-to-courts claim(s) against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction. The Court does not decide, at this juncture, whether Director Chambers-Smith is entitled to qualified immunity from monetary damages for the access-to-courts claim(s) asserted against her in her individual capacity. The undersigned **RECOMMENDS** that Plaintiff's claims against the other Defendants, and his claims for monetary damages against Chambers-Smith in her official capacity, be **DISMISSED**.

### I.    Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen his Complaint. 28 U.S.C.

§ 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## II.    Parties and Claims

Plaintiff Tyrice Hill alleges that he is a state prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC) following a conviction in Lucas County, Ohio. (Second Amended Complaint,[1] ECF No. 7, ¶ 7, 13, 18-19). During the events described in the SAC, Plaintiff was incarcerated at several different institutions, including the Southern Ohio Correctional Facility (SOCF); the Toledo Correctional Institution (ToCI); the Northeast Ohio Correctional Center (NEOCC); the North Central Correctional Institution (NCCI); and the Ross Correctional Institution (RCI). (SAC, ¶ 3, 37, 47, 51, 63, 67). After this case was filed, Plaintiff was transferred to the Allen-Oakwood Correctional Institution (AOCI), where he currently resides. (Notice of Change of Address, ECF No. 9). The SAC raises claims corresponding with Plaintiff's time at Ross Correctional Institution in 2021-2023. (SAC, ¶ 67-84).

Plaintiff sues four Defendants, all of whom are associated with the ODRC and/or RCI:

1. Annette Chambers-Smith, Director of the ODRC,
2. Cassie Kinker, Deputy Warden of RCI,
3. Todd Diehl (or Dichl), Inspector of RCI, and
4. Kelly Riehle (or Richle), an Assistant Chief Inspector for the ODRC.

(SAC, ¶ 4-7). Plaintiff had previously included Lindsay Navarre, a judge of the Lucas County Court of Common Pleas, as a defendant in his original Complaint. (ECF No. 1-1, PageID 13-14). Judge Navarre is not included in the Second Amended Complaint (which superseded the original Complaint and the First Amended Complaint) and she therefore should be **TERMINATED** as a party on the docket sheet. The four Defendants named in the SAC are sued in their individual and official capacities. (SAC, ¶ 8).

---

[1] For better readability, the Undersigned will refer to Plaintiff's Second Amended Complaint, of record as Docket Entry No. 7, simply as "SAC."  Paragraph numbers are cited for greater precision.

3

The SAC contains a lengthy recitation of facts surrounding Plaintiff's arrest, guilty plea, conviction, sentencing, re-sentencing, appeals, and collateral challenges brought in state and federal court, beginning in 2004. (*See, e.g.*, SAC, ¶ 9-78). Plaintiff appears to argue that he was denied appropriate and necessary legal assistance—from counsel and within the prisons—to address problems with his conviction and sentence. Although framed as an access-to-courts issue, his argument is not that he literally could not access the courts,[2] but that he could not do so adequately because he received poor advice and legal assistance from untrained fellow inmates.

---

[2] The SAC mentions many cases filed in several courts, including the following cases in the United States District Court for the Northern District of Ohio:

> *Tyrice Hill v. Henderson*, No. 3:17-cv-825, 2017 WL 4182308, at *1 (N.D. Ohio Sept. 21, 2017) (dismissing claim that "inmates at TCI are limited to four and a half hours in the law library each week. They are assigned specific library times according to their housing units, and Hill contends he does not get enough time because his unit's assignment sometimes conflicts with religious services, visitation, or recreation. . . . He further complains that the law library's books are inadequate and that its staff is not trained in legal matters"). (SAC, ¶ 50).
>
> *Tyrice Hill v. Stone,* No. 4:18-cv-808, 2018 WL 6018026 (N.D. Ohio Nov. 16, 2018) (dismissing claim "that while in restricted and limited privilege housing, his access to the law library was limited at a time when he had multiple lawsuits pending, resulting in a violation of his First Amendment right of access to the courts" for failure to state a claim under 28 U.S.C. § 1915(e)). (*See* SAC, ¶ 53).
>
> *Tyrice Hill v. City of Toledo*, No. 3:20-cv-493, 2020 WL 6701988 (N.D. Ohio Nov. 13, 2020) (dismissing claim that "the original arrest warrant was based on unsworn complaints which failed to establish probable cause for his arrest" as frivolous under 28 U.S.C. § 1915(e)). (SAC, ¶ 54).
>
> *Tyrice Hill v. Chambers-Smith*, No. 3:22-cv-195 (N.D. Ohio May 27, 2022) (dismissing claim that "Defendants have violated his First Amendment right of access to the courts by denying him access to the prison law library and other legal resources" for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A). (SAC, ¶ 45, 48, 57, 62, 64, 79, 110, 115, 135; and PageID 380).
>
> *Tyrice Hill v. Turner*, No. 4:20-cv-997, 2021 WL 4441590, at *1 (N.D. Ohio Sept. 28, 2021) (dismissing habeas corpus petition). (SAC, ¶ 60).

Plaintiff also notes that he has been declared to be a vexatious litigator by the Supreme Court of Ohio. (SAC, ¶ 59 (citing *State ex rel. Tyrice Hill v. Navarre*, 161 Ohio St. 3d 188, 2020-Ohio-4274, 161 N.E.3d 627 (OHSC Case No. 2020-0285)). *See also Tyrice Hill v. Phillips*, 7th Dist. Mahoning No. 20 MA 0016, 2020-Ohio-7015, ¶ 12 (Dec. 23, 2020) (referring to his "numerous, unsuccessful collateral attacks upon his conviction and sentence").

The undersigned previously noted that Plaintiff appears to have accrued at least "three strikes" under the federal Prison Litigation Reform Act. (*See* [Withdrawn] Report and Recommendation, ECF No. 6, PageID 355).

Plaintiff primarily challenges the ODRC's policy concerning the provision of legal resources within the prisons, which he asserts is inadequate and unconstitutional. (*See, e.g.*, SAC, ¶ 21-27, 113). Plaintiff presumably is referring to ODRC Policy No. 59-LEG-01 entitled "Incarceration Person Access to Court and Counsel," which addresses what legal materials should be available in an institutional law library, "incarcerated person clerks," legal services to indigent inmates, and the like.[3] *See also* Ohio Admin. Code § 5120-9-20(B) (concerning "Inmate access to legal services") and ODRC Policy No. 58-LIB-01 (entitled "Comprehensive Library Services").[4]

Plaintiff brings this action under 42 U.S.C. § 1983, which

> authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004). (*See* SAC, ¶ 1). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

Plaintiff asserts that Defendants, acting under color of state law, have violated his rights under the First and Fourteenth Amendments to the United States Constitution. (SAC, ¶ 8, 136-144). Specifically, he alleges that Director Chambers-Smith:

> failed to put a policy in place to give inmates adequate access to the [courts]. This act is deliberate and demonstrates a reckless disregard for Plaintiff's constitutional rights. Plaintiff was, is and may continue to be injured by Defendant's

---

[3] A recent version of ODRC Policy No. 59-LEG-01 is available on the ODRC's website at https://drc.ohio.gov/about/resource/policies-and-procedures/59-leg-incarcerated-person-legal-services (last accessed June 30, 2023). A previous version is attached to Plaintiff's original Complaint. (ECF No. 1-3, PageID 54-61).

[4] Available on the ODRC website at https://drc.ohio.gov/about/resource/policies-and-procedures/58-lib-institution-libraries/comprehensive-library-services (last accessed June 30, 2023).

5

> unprofessional conduct as he continues to be denied adequate assistance and the
> proper amount of time in the law library [due] to the policy in place.

(SAC, ¶ 137; *see also* SAC, ¶ 112(1) (referring to this as a "[d]eliberately indifferent failure to adopt policies necessary to prevent constitutional violations."); SAC, ¶ 113 (referring to the Director's failure to adopt alternative measures in the ODRC's policy, such as ensuring that inmate clerks receive paralegal training and are under the supervision of an attorney, to ensure meaningful access to the courts)).

With respect to Defendants Kinker, Diehl, and Riehle, Plaintiff alleges that they denied his complaint, grievance, or appeal challenging the ODRC's policy while he was at RCI. (SAC, ¶ 79-84). He also asserts that they each "failed to do anything when Plaintiff made [them] aware that ODRC's policy for inmate's access to the courts is unconstitutional" under *Bounds v. Smith*, 430 U.S. 817 (1977). (*Id.*, ¶ 139, 141, 143; *see also* ¶ 115).

Plaintiff seeks declaratory and injunctive relief. (SAC, ¶ 1, 111, 144-147). He asks for a declaration "that ODRC's policy in place to give Plaintiff access to the courts when it comes to adequate assistance and the proper amount of time in the law libraries is unconstitutional, and has caused Plaintiff harm." (*Id.*, ¶ 146). He asks for an injunction:

> ordering the Defendant to mandate in ODRC policy to give Plaintiff access to the courts that 1) inmates who wish to work the institutional law libraries must be trained in the law with a paralegal certificate to be able to work the law libraries, 2) provide and establish a comprehensive training and continuing education program for inmate legal clerks, 3) provide staff member trained in the law to supervise the operations of the law libraries, 4) allow Plaintiff to have access to his table[t] or a paralegal trained person while in segregation, and 5) provide Plaintiff counsel for direct representation in Plaintiff state court claims in case number CR-04-2741 in the Lucas County Court of Common Pleas, and in the Sixth District Court of Appeals.

(SAC, ¶ 147). Plaintiff also seeks monetary damages in the amount of $5 million and punitive damages in the amount of $15 million against all the Defendants. (*Id.*, ¶ 148-149).

6

**III.     Discussion**

Prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).[5] "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The underlying, lost claim must be arguable and nonfrivolous, and "more than [a] hope" for relief. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Nguyen v. Floyd*, No. 1:22-cv-11628, 2022 WL 3045000, at *2-3 (E.D. Mich. Aug. 2, 2022).

At this early stage of the proceedings, without the benefit of an answer or other briefing, the undersigned concludes that Plaintiff's access-to-courts claim(s) may **PROCEED** to further development against Director Chambers-Smith. The undersigned expresses no opinion at this time on the merits of these claims or whether Plaintiff will ultimately obtain the relief he seeks.

Plaintiff cannot obtain *all* the relief he seeks against the Director, however, as discussed next. He also has failed to state a claim on which relief may be granted against the other Defendants. The undersigned will therefore recommend that these parts of Plaintiff's Second Amended Complaint be dismissed. 28 U.S.C. § 1915A(b).

**A.     Chambers-Smith cannot be held liable for monetary damages in her official capacity.**

Claims for monetary damages against state officials sued in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d

---

[5] *Lewis* abrogated some parts of *Bounds v. Smith*, 430 U.S. 817, 830 (1977). The Supreme Court of the United States noted in *Lewis* that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance."

7

252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"—here, the State of Ohio. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). (SAC, ¶ 4).

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citations omitted). The State's immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith,* 476 F. Supp. 3d at 650-51. (SAC, ¶ 148-149).

Accordingly, although Plaintiff's claim(s) against Director Chambers-Smith may proceed at this time, his request for monetary damages against her in her official capacity must be dismissed. *See* 28 U.S.C. § 1915(A)(b) (requiring dismissal of any portion of the complaint that "seeks monetary relief from a defendant who is immune from such relief"); *Campbell v. Ohio Dep't of Rehab. & Corr.*, No. 2:21-cv-4223, 2022 WL 3682293, at *5 (S.D. Ohio Aug. 25, 2022)

8

(citing *Ex Parte Young*, 209 U.S. 123 (1908)) (dismissing plaintiff's § 1983 claim for monetary damages against Director Chambers-Smith in her official capacity but allowing claims seeking prospective injunctive relief to proceed). The Court does not decide, at this juncture, whether Director Chambers-Smith is entitled to qualified immunity for monetary damages sought from her in in her individual capacity.

> **B.** **Kinker, Diehl and Riehle cannot be held liable under § 1983 for denying Plaintiff's administrative grievance or for not taking action on his assertion that ODRC policy is unconstitutional.**

Plaintiff raises two specific types of allegations against the other Defendants. He first notes that they denied his complaint, grievance, or appeal that raised his concerns about legal resources. (SAC, ¶ 79-84). Specifically, he notes that Kinker denied his complaint, Diehl denied his grievance, and Riehle denied his appeal. (*Id*.; *see also* Grievance Communications, ECF No. 1-18, PageID 154-155). Second, Plaintiff alleges that these Defendants "failed to do anything" when he told them—apparently in his grievance documents—that ODRC policy was unconstitutional. (SAC, ¶ 115, 139, 141, 143). Notably, he does not allege that they were personally involved in preventing him from using the law library, for example, or keeping him from filing in the courts. (*See id.,* ¶ 67-84 (which appear to correspond to Plaintiff's allegations about his time at RCI)). These allegations, which are the only ones made against Kinker, Diehl and Riehle, do not state a claim on which relief may be granted.

The United States Court of Appeals for the Sixth Circuit has held that a plaintiff "may not base his claim against . . . individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 Fed. App'x. 490, 493 (6th Cir. 2004) (citing *Shehee v. Luttrell*, 199 F.3d

9

295, 300 (6th Cir. 1999)); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). As those two types of allegations are the only allegations in the Second Amended Complaint against Kinker, Diehl, and Riehle, Plaintiff has not stated a plausible § 1983 claim against them. The claims against them should be dismissed.

### IV. Conclusion

Having screened the Second Amended Complaint as required by 28 U.S.C. § 1915A(a), the undersigned **ORDERS** that Plaintiff's access-to-courts claim(s) against Director Chambers-Smith may **PROCEED** to further development.

The undersigned **RECOMMENDS** that the Court **DISMISS** all Plaintiff's claims against Defendants Kinker, Diehl, and Riehle, and **DISMISS** his request for monetary damages against Chambers-Smith in her official capacity.

Because Plaintiff is not proceeding in this action *in forma pauperis* (*see* ECF No. 8), he is responsible for having the Summons and Complaint served on Chambers-Smith within the time allowed by Fed. R. Civ. P. 4(m) and must furnish the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1). If Plaintiff wishes to have to the Clerk of Court serve process, he shall submit to the Clerk a completed summons form,[6] a service copy of the Second Amended Complaint, and an addressed envelope bearing sufficient certified mail postage to serve the summons and complaint on Chambers-Smith, **within thirty days.** The Clerk is **DIRECTED** to send Plaintiff a blank copy of the summons form for his use.

The Clerk is **DIRECTED** to terminate Judge Navarre as a party on the docket sheet.

Plaintiff is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

---

[6] Plaintiff previously submitted a summons form for Chambers-Smith, but it is not fully completed with Plaintiff's current address. (*See* ECF No. 1-28).

10

**IT IS SO ORDERED AND RECOMMENDED.**

July 21, 2023 /s/ *Caroline H. Gentry*
CAROLINE H. GENTRY
UNITED STATES MAGISTRATE JUDGE

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).