**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRICE HILL, | : | Case No. 2:22-cv-03742 |
| Plaintiff, | : | |
| | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, an Ohio inmate proceeding without the assistance of counsel, originally brought claims against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), as well as various state and institutional officials. (Complaint, Doc. No. 1; First Amended Complaint, Doc. No. 5; Second Amended Complaint, Doc. No. 7.) After the Court conducted its initial required screen of these pleadings, the Court permitted Plaintiff to proceed on his access-to-court claim(s) against Defendant Chambers-Smith and dismissed the remaining claims. (Doc. No. 19.)

Plaintiff subsequently filed a Third Amended Complaint (Doc. No. 24) that sets forth additional claims against multiple defendants. This matter is now before the undersigned Magistrate Judge for an initial screen pursuant to 28 U.S.C. § 1915A, as well as a report and recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) and Defendant Judge Navarre's Motion to Dismiss (Doc. No. 31).

1

I.      **SECTION 1915 SCREEN AND MOTION TO DISMISS (DOC. NO. 31)**

    **A.**    **Legal Standard**

The Court's screen of Plaintiff's Second Amended Complaint (Doc. No. 7) set forth the legal standards applicable to a Section 1915 review. (Doc. No. 12, PageID 417-18.) Briefly, the Prison Litigation Reform Act of 1995 requires the Court to conduct an initial screen of Plaintiff's Third Amended Complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a party immune from such relief. 28 U.S.C. § 1915A.

The standard for determining whether a complaint fails to state a claim upon which relief can be granted applies equally to Section 1915 screens and to motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a claim upon which relief can be granted, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill*, 630 F.3d at 470-71. Thus, the complaint must include factual allegations that are ***well-pleaded*** and ***plausible***.

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept

"non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

This Court liberally construes a *pro se* complaint and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the

3

complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

**B.     Analysis**

Plaintiff's Third Amended Complaint largely repeats the factual allegations set forth in his prior complaints, including "a lengthy recitation of facts surrounding Plaintiff's arrest, guilty plea, conviction, sentencing, re-sentencing, appeals, and collateral challenges brought in state and federal court, beginning in 2004." (Doc. No. 12, PageID 420.) As Defendant Judge Navarre notes and Plaintiff acknowledges, this is well-trodden ground. (Doc. No. 24, PageID 468, 471-73 (describing Plaintiff's attempts at post-conviction relief); Doc. No. 31, PageID 599-600 (describing the circumstances that led to Plaintiff being declared a vexatious litigator in Ohio).) Moreover, as the Northern District of Ohio previously explained to Plaintiff, *see Hill v. City of Toledo*, No. 3:20-CV-00493, 2020 WL 6701988, at *2-3 (N.D. Ohio Nov. 13, 2020), reconsideration of these proceedings by this Court is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, Plaintiff's Third Amended Complaint should be dismissed to the extent that it can be construed as setting forth any claim challenging Plaintiff's state-court criminal conviction.

In addition, Plaintiff's Complaint should be dismissed with respect to Defendants Kral[1] and Bowman-English. Plaintiff alleges that Defendants Kral and Bowman-English

---

[1] Although Plaintiff's Third Amended Complaint names a defendant George Karl (Doc. No. 24, PageID 461), Defendant Judge Navarre indicates that the former Chief of Police to whom Plaintiff refers is, in fact, George *Kral*. (Doc. No. 31, PageID 597.)

4

violated his Fourth and Fourteenth Amendment rights by establishing or permitting

policies that led to his arrest without probable cause. (Doc. No. 24, PageID 496-97.)

These claims, while related to Plaintiff's state-court conviction, do not necessarily imply

its invalidity and therefore are not barred by the *Heck* doctrine. *Sanders v. Detroit Police

Dep't*, 490 Fed. Appx. 771 (6th Cir. 2012). However, as the Northern District of Ohio

also explained to Plaintiff, these claims are clearly time-barred. *See City of Toledo*, 2020

WL 6701988, at *3. Specifically, although the original state warrant that Plaintiff seeks to

challenge was issued in 2004, more than eighteen years before Plaintiff commenced this

action, a two-year statute of limitations applies. *Id*. (*citing LRL Properties v. Portage

Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995)). Accordingly, these claims are

untimely and should be dismissed.[2]

As Defendant Judge Navarre correctly notes (Doc. No. 31, PageID 604),

Plaintiff's claims against Defendants Judge Navarre and Bowman-English must be

dismissed on the basis of judicial immunity. This fact, too, has already been explained to

Plaintiff by the Northern District of Ohio, which stated:

> Judges Franks and Navarre are absolutely immune from suits for damages
> based on their decisions from the bench in [Plaintiff's] criminal case. They
> are accorded this broad protection to ensure that the independent and
> impartial exercise of their judgment in a case is not impaired by the
> exposure to damages by dissatisfied litigants. *Barnes v. Winchell*, 105 F.3d
> 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome
> only in two situations: (1) when the conduct alleged is performed at a time
> when the Defendant is not acting as a judge; or (2) when the conduct
> alleged, although judicial in nature, is taken in complete absence of all
> subject matter jurisdiction of the court over which he or she presides. *Id*. at

---

[2] The Prayer for Relief in the Third Amended Complaint seeks "[a]n injunction ordering that the time be reinstated to file a [Section] 1983 civil complaint against [Defendants] George Karl and Vallie Bowman-English for the violation of Hill's constitutional rights." (Doc. No. 24, PageID 398.) The Court has no power to issue such an order.

> 1116. Common Pleas Courts have subject matter jurisdiction over state criminal cases and the actions in question of Judges Franks and Navarre are decisions they made from the bench in the course of Plaintiff's criminal trial and subsequent proceedings. They are entitled to absolute immunity in this case.

*City of Toledo*, 2020 WL 6701988, at 3.

This reasoning obviously applies to Defendant Judge Navarre. It also applies to Defendant Bowman-English, Clerk of the Toledo Municipal Court (Doc. No. 24, PageID 462). *See, e.g.*, *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988) (extending absolute quasi-judicial immunity to court clerk).  Accordingly, Plaintiff's Third Amended Complaint should be dismissed with respect to Defendants Judge Navarre and Bowman-English.

 This leaves only Plaintiff's claims against Defendant Chambers-Smith who, Plaintiff alleges, "creat[ed] or permitt[ed] the [ODRC] policy" that deprived Plaintiff of "meaningful access to the courts." (*E.g.*, Doc. No. 24, PageID 470). These allegations, although not repeated verbatim, are functionally identical to those contained in Plaintiff's Second Amended Complaint (Doc. No. 7). The undersigned has already screened those allegations and determined that, "[a]t this early stage of the proceedings, without the benefit of an answer or other briefing, . . . Plaintiff's access-to-courts claim(s) may proceed to further development against Director Chambers-Smith." (Doc. No. 12, PageID 423 (internal emphases omitted).) The undersigned reaffirms this conclusion with respect to Plaintiff's Third Amended Complaint (Doc. No. 24), which is now the operative complaint in this case.

## II.    MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 2)

On October 19, 2022, Plaintiff filed a Motion for Preliminary Injunction (Doc. No. 2) in which he seeks two types of relief. First, he requests an order requiring Defendants to "provide [him] with" a specified attorney "for direct representation" in his concluded 2004 state-court criminal case and his now-dismissed[3] appeal to the Sixth Circuit. (Doc. No. 2, PageID 276.) Second, he asks the Court to "order rec[i]ssion of the plea agreement [that Plaintiff] entered in[to on] January 10, 2005." (*Id*. at PageID 277.)

Plaintiff argues that he is entitled to such an injunction under the familiar four-factor test established by the Sixth Circuit. (Doc. No. 2, PageID 278-86.) *See, e.g.*, *United States v. Bayshore Assocs.*, 934 F.2d 1391, 1398 (6th Cir. 1991). He further argues that the Court may issue a preliminary injunction to affirmatively correct a party's conduct, rather than merely to preserve the *status quo*. (*Id*.) The Court need not reach these arguments because it is clear that Plaintiff is not entitled to the requested relief.

As to the first prong of Plaintiff's proposed injunction, this Court has no power to enjoin Defendant Judge Navarre to take *any* action in Plaintiff's state-court criminal case. Under 42 U.S.C. § 1983, "in any action brought against a judicial official for an act or omission taken in such officer's judicial capacity, injunctive relief ***shall not be granted*** unless a declaratory decree was violated or declaratory relief was unavailable." Defendant Judge Navarre is a judicial officer, and her decision not to appoint post-

---

[3] On November 16, 2022, the Sixth Circuit denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on the ground that his appeal lacked an arguable basis in law. *Hill v. Chambers-Smith*, No. 22-03557, 2022 U.S. App. LEXIS 31708 (6th Cir. Nov. 16, 2022). The court then affirmed that decision and denied reconsideration on January 17, 2023. *Hill v. Chambers-Smith*, No. 22-03557, 2023 U.S. App. LEXIS 1013 (6th Cir. Jan. 17, 2023).

conviction counsel in Plaintiff's state-court criminal case was clearly taken in her judicial capacity. Absent evidence that Defendant Judge Navarre violated a declaratory decree or that a declaratory decree was unavailable, Plaintiff is barred from obtaining injunctive relief against Defendant Judge Navarre in this Court. *See Burdine v. Huffman*, 229 F. Supp. 2d 704 (S.D. Tex. 2002) (finding that federal-court injunction ordering state-court judge to appoint specific counsel was barred under the "judicial official" provision of Section 1983 or, alternatively, under *Younger* abstention).

As to the second prong of Plaintiff's proposed injunction, Plaintiff's state-court guilty plea cannot be voided by means of an injunction. A State's breach of a plea agreement may constitute a violation of the U.S. Constitution. *Dixon v. Alexander*, 741 F.2d 121, 123 (6th Cir. 1984). But such a violation is "cognizable under [28 U.S.C.] § 2254," not under 42 U.S.C. § 1983. *Id*. In other words, because Plaintiff's challenge to his plea bargain necessarily challenges "the fact or length of [Plaintiff's] confinement," *id*. at 124 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)), "his sole remedy is a writ of habeas corpus." *Phillips v. Coleman*, 191 F.3d 453 (6th Cir. 1999) (table) (citing *Preiser*, 411 U.S. at 490; *Dixon*, 741 F.2d at 124-25).

Accordingly, the undersigned Magistrate Judge determines that Plaintiff's Motion for Injunctive Relief (Doc. No. 2) is not well-taken, and **RECOMMENDS** that the Court deny the Motion.

## III.   CONCLUSION

In sum, for the reasons stated, the undersigned Magistrate Judge **ORDERS** that Plaintiff's access-to-court claim(s) against Defendant Chambers-Smith may **PROCEED**

8

to further development. The stay previously imposed in this matter (Notation Order, Oct. 31, 2023) is **LIFTED**.

The undersigned Magistrate Judge further **RECOMMENDS** as follows:

1. That the remainder of Plaintiff's Third Amended Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A;

2. That Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) be **DENIED**; and

3. That Defendant Judge Navarre's Motion to Dismiss (Doc. No. 31) be **GRANTED** and Plaintiff's claims against Judge Navarre be **DISMISSED WITH PREJUDICE**.

Finally, Plaintiff is once again **CAUTIONED** that he must keep the Court informed of his current address at all times and most immediately inform the Court of any transfer, release, or other change of address. **FAILURE TO PROMPTLY UPDATE HIS ADDRESS OR TO COMPLY WITH ANY PORTION OF THIS ORDER MAY RESULT IN DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE.**

**IT IS SO ORDERED AND RECOMMENDED.**

_____
          */s/ Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

## <u>Notice of Procedure on Objections</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).