**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| TYRICE HILL, | : | Case No. 2:22-cv-03742 |
| Plaintiff, | : | |
| | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

### ORDER

---

Currently pending before the Court is Plaintiff's *pro se* motion for an order compelling Defendant Chambers-Smith to respond to his discovery requests. (Doc. No. 45.) Plaintiff alleges that he sent interrogatories and document requests to Defendant's counsel by certified mail in July but did not receive a response. (*Id.*) Plaintiff clarifies in his motion to amend his motion to compel (Doc. No. 47) that he mailed his discovery requests from Allen Correctional Institution on July 1, 2024, and they were received by Defendant's counsel on July 9, 2024. (*See* Doc. No. 47-1, PageID 728; *see also* Doc. No. 45, PageID 722 (attaching U.S. Postal Service "green cards" with tracking number).)[1]

Defendant does not contest Plaintiff's assertion that she received and failed to respond to his discovery requests. (Doc. No. 46.) Instead, Defendant argues that because Plaintiff's discovery requests did not include a certificate of service that identifies the date on which they were served, "there is no date certain by which Defendant's response

---

[1] Defendant responded to Plaintiff's motion to compel (*see* Doc. No. 46) but did not respond to Plaintiff's motion to amend the motion to compel.

would be due." (Doc. No. 46, PageID 724.) In effect, Defendant contends that parties are not required to respond to discovery requests that do not include a certificate of service.

The Court disagrees. No rule in the Federal Rules of Civil Procedure permits a party to ignore or delay responding to a discovery request solely because it does not contain a certificate of service. To the contrary, Rule 26(g)(2) only permits parties to ignore discovery requests that are not ***signed*** by the requesting party. *See* Fed. R. Civ. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed . . . ."). The drafters of the Federal Rules of Civil Procedure knew how to penalize parties that do not satisfy a requirement (e.g., signing discovery requests), and did not impose such a penalty for failing to include a certificate of service.

Defendant's cited cases (Doc. No. 46 at PageID 724-25) do not show otherwise. In *Taylor v. Dep't of Children's Servs.,* No. 3:09-cv-1019, 2010 U.S. Dist. LEXIS 77763 (M.D. Tenn. 2010), the discovery requests did not include a completed certificate of service, but the magistrate judge nevertheless recommended sanctions against the party that failed to respond to them. *Id.* at n.3. In other words, the failure to include a certificate of service did not excuse the responding party from its obligation to provide discovery.

Further, in *Carter v. Hunt,* No. 3:10-cv-58, 2011 U.S. Dist. LEXIS 39712 (M.D. Tenn. 2011), the magistrate judge recommended dismissal because the plaintiff not only "continually failed to serve documents" on the defendant, but also omitted certificates of service from documents that were ***filed***. Significantly, whereas the Federal Rules of Civil Procedure require documents filed with the Court to contain certificates of service, they do not impose such a requirement on non-filed documents. Fed. R. Civ. P. 5(d)(1)(B).

And discovery requests "must not be filed" until they are either used in the litigation or the Court orders them to be filed. Fed. R. Civ. P. 5(d)(1)(A).

Accordingly, the Court rejects Defendant's argument that parties are not required to respond to discovery requests that do not contain a certificate of service. If Defendant truly cannot determine the date on which certain discovery responses are due, then the proper course of action is to confer with the party that submitted the requests. The Court will not tolerate further gamesmanship in the discovery process.

Next, Defendant argues that Plaintiff failed to support his motion to compel with a certification under Rule 37 of the Federal Rules of Civil Procedure, in which he states that he attempted to confer with Defendant's counsel in good faith to resolve the discovery dispute before filing his motion to compel. Defendant correctly points out that such a good-faith certification is required:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Local Rule 37.1 similarly provides that "motions . . . relating to discovery shall not be filed in this Court . . . unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1. In other words, parties must attempt to work out discovery disputes with each other in good faith before asking the Court to intervene—and must certify they have done so.

Here, Plaintiff did not certify that before filing his motion, he made a good-faith effort to contact Defendant's counsel and resolve his concern about Defendant's failure to

respond to his discovery requests. (*See* Doc. No. 45, 47). Because such a good-faith certification is required, "Plaintiff's failure to include [it] is . . . fatal" to his motion to compel. *See Hall v. Chambers-Smith*, No. 2:21-cv-1135, 2023 WL 5938758, at *1 (S.D. Ohio Aug. 21, 2023). Therefore, Plaintiff's motion to compel must be denied.

For the foregoing reasons, Plaintiff's motion for leave to amend his motion to compel (Doc. No. 47), which is unopposed, is **GRANTED**. Plaintiff's motion to compel (Doc. No. 45) is **DENIED WITHOUT PREJUDICE.** Plaintiff may renew his motion to compel if his good-faith efforts to resolve the dispute with Defendant are unsuccessful and he includes a certification to that effect in his motion.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

4