UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRICE HILL, | : | Case No. 2:22-cv-03742 |
| Plaintiff, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANNETTE CHAMBERS-SMITH, | : | |
| Defendant. | : | |

# REPORT & RECOMMENDATION

Plaintiff Tyrice Hill is a state prisoner who is proceeding without the assistance of counsel. Defendant Annette Chambers-Smith is the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), which has custody of Plaintiff. In this case, Plaintiff alleges that the ODRC failed to provide him sufficient legal support to allow him to effectively challenge his convictions. (*See* Third Amended Complaint, Doc. No. 24.)

Currently pending before the Court are Plaintiff's Motion for Summary Judgment (Doc. No. 50), Defendant's Motion for Summary Judgment (Doc. No. 70), and Plaintiff's Motion for Subpoena (Doc. No. 77). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion for Summary Judgment, **DISMISS** Plaintiff's remaining access-to-courts claim, **DENY** Plaintiff's Motion for Summary Judgment and Motion for Subpoena **AS MOOT**, and **TERMINATE** this case.

By way of background, the undersigned previously recommended as follows:

> [The] Third Amended Complaint largely repeats the factual allegations set forth in [Plaintiff's] prior complaints, including "a lengthy recitation of facts surrounding Plaintiff's arrest, guilty plea, conviction, sentencing, re-sentencing, appeals, and collateral challenges brought in state and federal court, beginning in 2004." (Doc. No. 12, PageID 420.) . . . Moreover, as the Northern District of Ohio previously explained to Plaintiff, *see Hill v. City of Toledo*, No. 3:20-CV-00493, 2020 WL 6701988, at *2-3 (N.D. Ohio Nov. 13, 2020), reconsideration of these proceedings by this Court is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, Plaintiff's Third Amended Complaint should be dismissed to the extent that it can be construed as setting forth any claim challenging Plaintiff's state-court criminal conviction.

(Third Report & Recommendation, Doc. No. 34.) The District Judge agreed and dismissed "[t]he remainder of Plaintiff's Third Amended Complaint . . . except as to Plaintiff's access-to-courts claims against Defendant Chambers-Smith, which shall proceed to further development." (Doc. No. 40.)

Both parties moved for summary judgment on the remaining access-to-courts claim. Plaintiff's claim is based upon his attempts to seek relief from the convictions causing his incarceration, and his allegations that the ODRC failed to provide him with sufficient legal resources to do so *effectively*. (Doc. No. 24.) Plaintiff's goal in this litigation is to obtain better resources to continue fighting his decades-old convictions, as well as to obtain punitive damages and a declaration that he has been harmed. (*Id*. at PageID 497-98 (Prayer for Relief).)

In his Motion for Summary Judgment, Plaintiff also asks this Court to issue declaratory judgments that ODRC is confining him unlawfully and that his convictions are unconstitutional. (Doc. No. 50 at PageID 812-13.) In his response to Defendant's

Motion for Summary Judgment, Plaintiff confirmed that his position in this case is "that his sentence and conviction is void, and this is undisputable." (Doc. No. 73 at PageID 2202, ¶ 33.) He explained:

> Plaintiff is not indirectly challenging the validity of his sentence of conviction because his sentence and conviction are void pursuant to the United States Supreme Court case law, and no court has the authority to leave them in place. So any judgment by this Court will not invalidate Plaintiff's conviction or sentence. … Because Plaintiff has a void sentence and conviction, in his motion for summary judgment he is asking this Court to explain to the Defendant that she is unlawfully confining Plaintiff and why, and she has a duty to return Plaintiff back into the custody of the Lucas County Court of Common Pleas or release Plaintiff.

(*Id.* at ¶¶ 36, 38.) In short, since this case was filed[1] Plaintiff's focus has been on unraveling or undermining his convictions and being released from prison.

In her Motion for Summary Judgment, Defendant cites *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) for the proposition that "the law is well established that 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of

---

[1] In his initial complaint, for example, Plaintiff alleged:

> 102. Thus, had Plaintiff received effective assistance of counsel he would not have pled guilty, would have insisted that counsel seek to suppress Plaintiff's statement and evidence against him pursuant to the above case laws and constitutions and would have insisted on going to trial, and there would have been no evidence upon which a jury could have reasonably convicted him at trial for any of the counts Plaintiff was charged with.
>
> 103. If Plaintiff was not denied meaningful access to the courts by being denied trained assistance adequately supervised he would have known to file a timely post-conviction petition in the trial court raising the above ineffective assistance of counsel claim, or filed a properly and timely notice of appeal after his November 9, 2006 sentencing hearing, or properly filed motion for delayed appeal, or timely filed his writ of habeas corpus petition to the federal court. But . . . the assistance he was forced to receive caused Plaintiff to be unable to make the claim in the 1983 civil complaint in [N.D. Ohio] case number 3:22-cv-195 and be dismissed.

(Complaint, Doc. No. 1-1 at PageID 37 (cleaned up).)

his confinement [and seeks immediate or speedier release], even though such a claim may come within the literal terms of § 1983.'" (Doc. No. 70 at PageID 2159.) Defendant also cites *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) for the proposition that "*Heck* bars § 1983 claims that could invalidate a prisoner's conviction or sentence, regardless of whether damages or equitable relief are sought." (*Id*.) Based on this authority, Defendant contends that Plaintiff's demands that this Court declare that Defendant is unlawfully detaining Plaintiff, and that his convictions are unconstitutional, "are beyond the Court's authority and should therefore be dismissed on summary judgment." (*Id*.)

Because governing authority from the United States Court of Appeals for the Sixth Circuit supports Defendant's argument that *Heck* bars Plaintiff's access-to-courts claim, the undersigned agrees. In *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019), the Sixth Circuit addressed a factually similar circumstance and reached this conclusion:

> *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, [544 U.S. at 81].
>
> **Whether Heck applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us.** That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415 [] (2002) (quotation omitted).
>
> Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. **He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous**

4

> ***challenge to his convictions. He could win in other words only if he implied the invalidity of his underlying judgment. <u>Heck</u> bars this kind of claim.***
>
> We are not alone in seeing it this way. *See Dennis v. Costello*, 189 F.3d 460 (2d Cir. 1999) (unpublished table decision) (*Heck* bars access-to-the-court claim concerning filing delays); *Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Spence v. Hood*, 170 F. App'x 928, 930 (5th Cir. 2006) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012) (*Heck* bars access-to-the-court claim concerning library access); *Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial record).

*Sampson*, 917 F.3d at 881-82 (emphasis added). *See also Cooper v. Wamsley*, No. 19-3809, 2020 WL 5000066, at *2 (6th Cir. Apr. 22, 2020) ("The district court properly granted the defendants' motions for judgment on the pleadings and summary judgment as to Cooper's access-to-the-courts claim because the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), given that a favorable judgment on the claim would necessarily bear on the validity of Cooper's underlying criminal judgment."); *Nguyen v. Floyd*, 618 F. Supp. 3d 629, 634 (E.D. Mich. 2022) (citing *Sampson* and explaining that "[a] favorable judgment on Plaintiff's claim would require a finding that he had a viable argument to present in either his motion for en banc reconsideration or a writ of certiorari to the Supreme Court. But that viable argument would imply the invalidity of Plaintiff's convictions because the claims that he was raising in his habeas appeal asserted that his convictions were invalid. *Heck* therefore bars his claims.").

This Court has previously dismissed access-to-courts claims in reliance on *Sampson* and *Heck*. *See, e.g.*, *Shine-Johnson v. Gray*, No. 2:19-cv-5395, 2020 WL

5

6580211, at *2 (S.D. Ohio Nov. 10, 2020) ("under the law of the Sixth Circuit, Plaintiff's access-to-the-courts claim in this § 1983 case is barred by *Heck*."); *Harris v. Sowers*, No. 2:16-cv-888, 2020 WL 6823117, at *2 (S.D. Ohio Nov. 20, 2020), *amended in other respects*, 2022 WL 1637564 (S.D. Ohio May 24, 2022). In *Harris*,

> the magistrate judge noted that in Sampson v. Garrett, 917 F.3d 888 (6th Cir. 2019), the Sixth Circuit held that Heck v. Humphrey, 512 U.S. 477 (1994), bars an access to courts claim if the plaintiff could prevail on that claim only by showing that the information impeded would make a difference in a nonfrivolous challenge to his convictions. Here, plaintiff alleged that Lovette and Ricker thwarted an appeal which challenged the validity of his state court conviction. The magistrate judge correctly concluded that plaintiffs § 1983 claim for denial of access to the courts against Lovette and Ricker is barred under Heck and Sampson.

2020 WL 6823117, at *2 (granting summary judgment and dismissing an access-to-courts claim directed to conviction challenges).

*Heck* and *Sampson* likewise require dismissal here. Plaintiff filed this lawsuit to correct alleged deficiencies with the criminal charges against him, his convictions, his appeals, and his efforts at post-conviction relief; and to affix blame for how effectively he was able pursue these remedies (and several other proceedings related to those remedies, such as habeas corpus). (*See* Third Amended Complaint, Doc. No. 24 [detailing his efforts from 2004 through 2023].) To succeed here on his access-to-courts claim, Plaintiff would have to show that the underlying proceedings involved non-frivolous issues. But under *Sampson*,[2] success on those issues would necessarily imply the invalidity of

---

[2] *Sampson* could be read as presenting a bright-line rule barring all prisoners' First Amendment access-to-courts claims that are predicated on direct or indirect challenges to criminal convictions. This Court need not decide whether this was in fact the Sixth Circuit's intent, or whether some access-to-courts claims could be brought. Based on *Heck* and *Sampson*, the Court should conclude that Plaintiff's access-to-courts claim, which is clearly directed toward undoing his incarceration, is barred as a matter of law.

6

Plaintiff's conviction(s)—which is plainly his goal. *Heck* and *Sampson* preclude him from pursuing such a goal in this Section 1983 case.

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion for Summary Judgment (Doc. No. 70)[3] and **DISMISS** the remaining access-to-courts claim against Defendant. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Summary Judgment (Doc. No. 50) and "Request for Court Order to Subpoena Plaintiff's Medical Records" (Doc. No. 77) as **MOOT**, because there is no viable claim before the Court. This matter should be **TERMINATED** on the docket.

**IT IS SO RECOMMENDED.**

                                     */s/ Caroline H. Gentry*
                                     Caroline H. Gentry
                                     United States Magistrate Judge

**Notice of Procedure on Objections**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the

---

[3] The Court need not reach Defendant's remaining arguments in favor of summary judgment. *See, e.g., Amadi v. Barnes*, No. 3:17-cv-366, 2018 WL 1566818, at *8 (M.D. Tenn. Mar. 29, 2018), *report and recommendation adopted,* 2018 WL 2118293 (M.D. Tenn. May 8, 2018) ("a state official cannot be held personally liable for the damage caused by her predecessor … it is impossible to see how she could be held responsible for violating plaintiff's constitutional rights) (cleaned up).

7

methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).