**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Tyrice Hill,

        Plaintiff,

        v.

Annette Chambers-Smith, *et al.*,

        Defendants.

Case No. 2:22-cv-3742
District Judge James L. Graham
Magistrate Judge Caroline H. Gentry

Opinion and Order

Plaintiff Tyrice Hill is a state inmate who is proceeding *pro se* and brings this suit under 42 U.S.C. § 1983. The matter is before the Court on plaintiff's objection to the Magistrate Judge's Report and Recommendation (Doc. 80). The Magistrate Judge recommended that defendant's motion for summary judgment be granted because plaintiff's remaining access-to-courts claim fails under *Heck v. Humphrey*, 512 U.S. 477 (1994). That is, she found that plaintiff was bringing his claim as a means of improperly attacking the validity of his state court conviction. For the reasons stated below, the Court adopts the Report and Recommendation and grants summary judgment to defendant.

**I.**    **Background**

Hill was convicted in 2005 in the Lucas County Court of Common Pleas on three counts of armed robbery with gun specifications. He was sentenced to 28 years of incarceration. As catalogued by the Magistrate Judge in her initial screening Report and Recommendation, Hill has filed a multitude of suits in state court and in the United States District Court for the Northern District of Ohio. *See* Doc. 12 at PAGEID 420. Many of the suits amounted to "unsuccessful collateral attacks upon his conviction and sentence." *Tyrice Hill v. Phillips*, 2020-Ohio-7015, ¶ 12 (Ohio Ct. App. Dec. 23, 2020).

Hill filed this action in 2022 against Annette Chambers-Smith, the Director of the Ohio Department of Rehabilitation and Correction, and others, including the state court judge who presided over resentencing proceedings in Hill's criminal case. After the filing of three amended complaints and the issuance of initial screens by the Magistrate Judge, only one claim was allowed to proceed. It was a claim which Hill characterized as one for a violation of his First Amendment right of access to the courts. He brought the claim against Director Chambers-Smith. Other claims were dismissed for

1

various reasons, including judicial immunity, Eleventh Amendment immunity, and statute of limitations.

In her July 21, 2023 Report and Recommendation, the Magistrate Judge noted that the exact nature of Hill's access-to-courts claim was difficult to discern. She observed that Hill seemed to be complaining of having received "poor advice and legal assistance" while incarcerated. Doc. 12 at PAGEID 420. Hill referenced ODRC policies concerning the provision of legal resources in prison, and he asserted that Director Chambers-Smith was responsible for the policies. The Magistrate Judge recommended – and this Court agreed – that the access-to-courts claim be allowed to proceed for further development.

In her February 5, 2024 Report and Recommendation, the Magistrate Judge observed that Hill's most recent amended pleading (the Third Amended Complaint) contains "a lengthy recitation of facts surrounding Plaintiff's arrest, guilty plea, conviction, sentencing, re-sentencing, appeals, and collateral challenges brought in state and federal court, beginning in 2004." Doc. 34 at PAGEID 637. She found that the Third Amended Complaint should be dismissed under *Heck v. Humphrey* "to the extent that it can be construed as setting forth any claim challenging Plaintiff's state-court criminal conviction." *Id.* Even so, the Magistrate Judge found that the access-to-courts claim should be allowed to proceed beyond an initial screen in order to allow plaintiff to further develop the claim.

The parties engaged in discovery and filed cross-motions for summary judgment. As the Magistrate Judge explained in the August 29, 2025 Report and Recommendation now at issue, those developments were illuminating. She found that "Plaintiff's claim is based upon his attempts to seek relief from the convictions causing his incarceration." Doc. 80 at PAGEID 2255. She continued:

> Plaintiff's goal in this litigation is to obtain better resources to continue fighting his decades-old convictions, as well as to obtain punitive damages and a declaration that he has been harmed. . . . In his Motion for Summary Judgment, Plaintiff also asks this Court to issue declaratory judgments that ODRC is confining him unlawfully and that his convictions are unconstitutional. . . . In his response to Defendant's Motion for Summary Judgment, Plaintiff confirmed that his position in this case is "that his sentence and conviction is void, and this is undisputable." . . . Plaintiff's focus has been on unraveling or undermining his convictions and being released from prison.

*Id.* at PAGEID 2255–2256 (citations to the record omitted).

The Magistrate Judge reviewed *Heck* and other binding precedents concerning when a § 1983 claim is barred because it seeks to invalidate the plaintiff's conviction or sentence without being subject to traditional habeas corpus proceedings. Of particular importance to the Magistrate's analysis was this passage from *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019):

*Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, [544 U.S. 74, 81 (2005)].

Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us. That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415 [] (2002) (quotation omitted).

Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words only if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim.

We are not alone in seeing it this way. *See Dennis v. Costello*, 189 F.3d 460 (2d Cir. 1999) (unpublished table decision) (Heck bars access-to-the-court claim concerning filing delays); *Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Spence v. Hood*, 170 F. App'x 928, 930 (5th Cir. 2006) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012) (*Heck* bars access-to-the-court claim concerning library access); *Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial record).

*Sampson*, 917 F.3d at 881-82.

Because further development of the case showed that Hill was attempting to use his access-to-courts claim to attack his conviction, the Magistrate Judge recommended that the defendant be granted summary judgment.

## II.     Standard of Review

The Court reviews *de novo* those portions of the Magistrate Judge's disposition to which plaintiff has objected. *See* Fed. R. Civ. P. 72(b)(3).

Further, under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of

genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

## III.    Discussion

The constitutional right of access to the courts requires that prison authorities provide "'prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). A prisoner asserting an access-to-courts claim must establish that he "suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The alleged lost claim must be arguable and nonfrivolous. *See Winburn*, 43 F. App'x at 733.

In his objection, Hill acknowledges that his claim is barred to the extent it implies the invalidity of his conviction. *See* Doc. 81 at PAGEID 2263. But he objects to the Magistrate Judge's conclusion that *Heck* and *Sampson* bar his access-to-courts claim in its entirety. He identifies one theory which he believes avoids the *Heck* bar, and it concerns an allegedly meritorious Fourth Amendment claim he lost.

Hill asserts that he received inadequate legal assistance from ODRC inmate legal clerks, though he does not state when and where. He contends that he had a viable Fourth Amendment claim regarding the criminal complaint filed against him in Lucas County because it "lack[ed] the indicia of probable cause." *Id.* at PAGEID 2266. Hill alleges, without elaboration, that the inadequate legal assistance he received caused him "to pursue a frivolous claim instead of a non-frivolous claim." *Id.* By the time he later filed his nonfrivolous Fourth Amendment claim, it was deemed untimely. *See id.* (alleging that "the advice of untrained and inadequately supervised inmate legal clerks caused Plaintiff to pursue a frivolous claim instead of a non-frivolous claim, and incorrectly file a 4th Amendment claim, then correctly but untimely file a 4th [A]mendment violation claim").

The Court looks to plaintiff's Third Amended Complaint and his summary judgment briefing to better understand his argument. In his Third Amended Complaint, plaintiff similarly alleged that the criminal complaint lacked probable cause. He then alleged that Director Chambers-Smith was responsible for the provision of inadequate legal assistance to him. In turn, the lack of adequate

assistance "cause[d] Plaintiff to lack the knowledge to know how to find out who was responsible for the violation of his 4th Amendment constitutional right." Doc. 24, ¶ 108. Plaintiff then alleged that a "Judge" held that his Fourth Amendment claim was "barred" by *Heck. Id.*, ¶ 109. Plaintiff further alleged that he later "came across [an] inmate clerk" who helped him "find out who was responsible for his [Fourth Amendment] injury." *Id.*, ¶ 112.

In his motion for summary judgment, plaintiff stated that in May 2020 a fellow inmate helped him draft a habeas petition for filing in federal court. One asserted ground for habeas relief was that Hill's legal counsel in the underlying criminal case failed to "litigate a 4th [A]mendment claim before Petitioner plead[ed] guilty." Doc. 50 at PAGEID 777. Plaintiff also alleged that in November 2020, "Judge Jeffry J. Helmick denied Plaintiff['s] 1983 civil complaint filed on the violation of his 4th Amendment Constitutional right" because it was untimely. *Id.* at 778. Plaintiff additionally claimed that he began receiving legal help in October 2023 from a trained inmate clerk who helped him draft the Third Amended Complaint in this action. *See id.* at PAGEID 787–788. In plaintiff's view, it was not until he finally received adequate help in 2023 that he was able to identify the proper defendants for his Fourth Amendment claim. *See id.* at PAGEID 788.

It is important at this point for the Court to clarify that Hill did assert a Fourth Amendment claim in this case concerning the lack of probable cause in the criminal complaint. He brought the claim in his Third Amended Complaint against defendant George Kral, former Chief of Police for the Toledo Police Department and defendant Vallie Bowman-English, Clerk of the Toledo Municipal Court. In her February 5, 2024 Report and Recommendation, the Magistrate Judge found that the Fourth Amendment claim was "clearly time-barred" because the claim arose no later than 2004 and there was a two-year statute of limitations. Doc. 34 at PAGEID 638. Without objection, the Court adopted the Report and Recommendation. *See* Doc. 40.

Thus, when Hill asserts that he had a nonfrivolous Fourth Amendment claim which he lost, the Court believes that he is referring to the claim he brought in this action against Kral and Bowman-English. *See* Doc. 73 at PAGEID 2199 (Hill's brief in which he calls the Fourth Amendment claim asserted in the Third Amended Complaint "the correct claim"). The focus then turns to identifying the so-called "frivolous" Fourth Amendment claim which Hill says he pursued in an earlier case on the advice of "untrained and inadequately supervised inmate legal clerks." Doc. 81 at PAGEID 2266.

The Third Amended Complaint and the motion for summary judgment both point to the existence of a case in which Hill unsuccessfully brought a Fourth Amendment claim. The Court takes judicial notice of *Hill v. City of Toledo*, No. 3:20-CV-00493, 2020 WL 6701988 (N.D. Ohio Nov. 13,

2020).  There, Judge Helmick of the Northern District of Ohio dismissed Hill's § 1983 suit against the City of Toledo and the Toledo Polce Department on an initial screening for failure to state a claim. Hill alleged that the original criminal complaint from 2000 "failed to establish probable cause for his arrest."  *Id.*, 2020 WL 6701988, at *3.  The court described Hill's suit as "challenging the validity of the criminal complaint that was the basis for his arrest and the constitutionality of his sentencing hearing."  The court dismissed his claim for three reasons.  The first was *Heck*:

> If found to have merit, [Hill's allegations] could call his conviction or sentence into question.  He must therefore demonstrate that his conviction or sentence has been set aside by the state courts or by a favorable decision in a federal habeas action.  Plaintiff remains incarcerated on his convictions.  His claims cannot proceed.

*Id.*

> The second reason for dismissal was that Hill's Fourth Amendment claim was untimely:

> Furthermore, it is obvious on the face of the Complaint that these claims are untimely. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims.  *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).  Plaintiff contends that the original arrest warrant in 2004 was not supported by probable cause due to defects in the original complaint.  He also alleges that Franks failed to inform him of his right to appeal at his 2005 sentencing hearing.  Although Plaintiff contends he did not see the criminal complaint that formed the basis of the warrant until he requested it in March 2018, that information was available to him and his attorney from the time of his arrest.  He attended the sentencing hearing and was aware at that time that Judge Franks did not advise him of his right to appeal.  In fact, he did file a timely appeal of his conviction in 2005.

> This action was filed in March 2020, seventeen years after the expiration of the statute of limitations.  There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming sua sponte dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired).

*Id.*

> And finally the court held that Hill's claim lacked merit:

> Moreover, Plaintiff's claims are meritless.  As noted above, while Plaintiff contends Judge Franks did not inform him of his right to appeal, he nevertheless filed a timely appeal.  Similarly, he claims the criminal complaint leading to his arrest warrant was not sufficient to establish probable cause for his arrest.  Plaintiff, however, was charged in a separate indictment, confessed, and then pled guilty to three of the six charges. All of these provide conclusive evidence of probable cause for the charges.  *Schlueter v. Southern Energy Homes, Inc.*, No. 07-5323, 2007 WL 3101251, at * 3 (6th Cir. Oct. 18, 2007).

*Id.*

This Court believes that *Hill v. City of Toledo* in the Northern District of Ohio is the case in which Hill brought his "frivolous" Fourth Amendment claim. To bring the current access-to-courts theory into full view, Hill alleges that he had a nonfrivolous Fourth Amendment claim, which is the one he asserted in this case against Kral and Bowman-English. He was allegedly unable to assert his nonfrivolous claim in *Hill v. City of Toledo* because the ODRC, under the helm of Director Chambers-Smith, inadequately trained and supervised inmate legal clerks. The legal clerks allegedly caused the Fourth Amendment claim filed in the Northern District case to be frivolous because they did not help Hill correctly identify the defendants who were legally responsible for the Fourth Amendment violation. When Hill later received adequate legal help and filed a nonfrivolous claim in this Court, it was lost as time-barred.

The Court finds that Hill's objection to the Report and Recommendation based on this theory fails. For one, it is not clear that he has escaped the *Heck* bar. Plaintiff, despite having had two years (over the course of three amendments to the complaint, discovery, and the filing of numerous briefs) to develop his access-to-courts theory, still presents it in a somewhat vague manner that suggests his aim is undermining the validity of the criminal judgment. The Magistrate Judge correctly observed that Hill's stated objective is to obtain a declaratory judgment that his convictions are unconstitutional. *See* Doc. 80 at PAGEID 2255. As the Sixth Circuit explained in *Sampson*, an access-to-courts claim fails to clear *Heck* if it rests on the implied invalidity of the underlying criminal judgment. *Sampson*, 917 F.3d at 882. That is, the *Heck* bar applies if the nonfrivolous claim which defendant caused plaintiff to lose would, if successful, "necessarily imply the invalidity of [the] conviction or sentence." *Heck*, 512 U.S. at 487; *Sampson*, 917 F.3d at 881–82. And Judge Helmick found exactly that concerning Hill's Fourth Amendment claim, holding that Hill's challenge to the validity of the criminal complaint amounted to an attack on the constitutionality of the criminal judgment. *See Hill v. City of Toledo*, 2020 WL 6701988, at *3. To the extent Hill's Fourth Amendment claim here about the criminal complaint is discernable, it appears that, if successful, it seeks to unravel the criminal conviction because it would undermine the validity of his guilty plea. *See* Doc. 50 at PAGEID 777.

But even if Hill's access-to-courts claim could clear the *Heck* bar, it plainly fails for another reason. Director Chambers-Smith's alleged denial of adequate legal assistance to Hill did not cause him an actual injury. His claim lacked merit apart from the alleged deficiency which the untrained inmate legal clerks introduced into the equation. According to Hill, the legal clerks failed to help him identify the proper defendants who could be held responsible for the alleged Fourth Amendment

7

violation.  But that is not the reason why the Northern District dismissed Hill's claim.  Judge Helmick found that his Fourth Amendment claim was filed 17 years late.  *See Hill v. City of Toledo*, 2020 WL 6701988, at **3–4 (dismissing Hill's claim on an initial screen under 28 U.S.C. § 1915(e) and certifying that an appeal would not be taken in good faith).  Even if Hill had received adequately trained assistance in preparing his Northen District complaint, it would not have cured the statute of limitations problem.  Moreover, Judge Helmick found that other evidence furnished conclusive proof of probable cause for the charges to which Hill pled guilty.  *See id.* at *3.  Again, poor legal advice about who to name as the defendants is not why Hill's claim was non-arguable and frivolous.

The Court thus finds that defendant is entitled to summary judgment on Hill's access-to-courts claim.

## IV.      Conclusion

Accordingly, the Court adopts the Report and Recommendation (Doc. 80) and overrules plaintiff's objection (Doc. 81).  Defendant's motion for summary judgment (Doc. 70) is granted, and plaintiff's motion for summary judgment (Doc. 50) is denied.  Plaintiff's motion to subpoena medical records (Doc. 77) is denied as moot.

The Clerk of Court shall enter judgment for defendants.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: April 1, 2026